UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 13, 2024

MEMORANDUM TO PARITES RE:    Jeffries v. Rebecca A. Herr
Civil Action No. GLR-24-1455
Related Case No. GLR-24-1317

Dear Parties:

Pending before the Court is Self-Represented Appellant Emiko Jeffries' Motion for Extension of Time to file an Opening Brief (ECF No. 3),[1] Emergency Motion to Reinstate the Automatic Stay (ECF No. 4), and Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay (ECF No. 5). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay and deny the Emergency Motion to Reinstate the Stay.

**Background**

Emiko Jeffries, the Debtor, and Keith Jeffries, the Co-Debtor, filed a Chapter 13 Bankruptcy Petition on February 13, 2023. (Bankruptcy Appeal Record ["Record"] at 9, ECF No. 7).[2] Keith Jeffries also filed a related case on September 19, 2022. (Keith Jeffries Docket, GLR-24-1317, ECF No. 4-1). Keith Jeffries had previously filed in Maryland Bankruptcy Court three other times (Case Nos. 22-11479, 18-15181, and 18-21205), all of which had been dismissed, and Emiko Jeffries had previously filed in Maryland Bankruptcy Court once before (Case No. 19-12436), and her prior case was dismissed. The filings all concern 1310 Mayflower Drive, Bel Air, MD 21015 (the "Property"). According to Emiko Jeffries, a foreclosure sale on the Property is scheduled for June 20, 2024. (Mot. for Expedited Consideration at 2, ECF No. 5).

Emiko Jeffries filed a Chapter 13 Bankruptcy Plan on February 27, 2024, which the Bankruptcy Court denied with leave to amend after a hearing. (Record at 6–7). Emiko Jeffries filed an Amended Chapter 13 Plan proposing payments of $3,500 per month for 24 months on May 26, 2023. (Id. at 6). After multiple hearings, the Bankruptcy Court issued an order denying the Amended Chapter 13 Plan without leave to amend on January 10, 2024. (Id. at 4–5). Emiko Jeffries filed a Motion for Reconsideration of the Order denying the Amended Chapter 13 Plan, which the Bankruptcy Court denied. (Id. at 3). The Bankruptcy Court then issued an Order dismissing the Chapter 13 case and terminating the automatic stay on May 8, 2024. (Id. at 3; May 7, 2024 Order

---

[1] The Court will grant the Motion for Extension of Time to File an Opening Brief (ECF No. 3). Emiko Jeffries shall file an opening brief on or before June 20, 2024.

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Dismissing Chapter 13 Case at 1, ECF No. 1-1). Emiko Jeffries filed an appeal of the Bankruptcy Court's April 25, 2024 Order dismissing the case to this Court, (ECF No. 1), along with a Motion to Reinstate the Automatic Stay, (ECF No. 4), and a Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay, (ECF No. 5). Emiko Jeffries also filed a Motion to Reinstate the Automatic Stay and a Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay in the Bankruptcy Court, which deferred consideration of the Motions to this Court. (Record at 2). Emiko Jeffries has not yet filed an opening brief in this appeal.

**Standard of Review**

In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law de novo. Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja), 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." Klein v. PepsiCo, Inc., 845 F.2d 76, 79 (4th Cir. 1988). A bankruptcy court's decision to lift the automatic stay is reviewed under an abuse of discretion standard. Combs v. FV-1, Inc., No. MJG-13-3734, 2013 WL 6662729, at *3 (D.Md. Dec. 16, 2013) (quoting McDow v. Official Comm. Of Equity Sec. Holders of Criimi Mae, Inc., 247 B.R. 146, 151 (D.Md.1999)).

The Court interprets Emiko Jeffries' Motion to Reinstate the Automatic Stay as one under Bankruptcy Rule 8007. Under Bankruptcy Rule 8007, a United States District Court may stay a Bankruptcy Court order pending appeal. Fed.R.Bankr.P. 8007. The party seeking such a stay bears the burden of demonstrating: (1) likelihood of success on the merits of the appeal; (2) irreparable harm if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that granting the stay serves the public interest. Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970). A court determines whether to grant a stay pending appeal through "a balancing of the factors." Id. at 981. Typically, a party must first seek a stay pending appeal from the Bankruptcy Court; however, Rule 8007(b)(2)(A) allows a party to seek a stay from the district court provided the motion "show[s] that moving first in the bankruptcy court would be impracticable," sets forth the reasons to grant the requested relief, and attaches supporting documentation and relevant portions of the record. Here, Emiko Jeffries complied with the requirements of Rule 8007(a) and sought a stay initially from the Bankruptcy Court, which deferred consideration of the Motion to this Court. (Record at 2).

**Analysis**

As an initial matter, to the extent Emiko Jeffries argues that she is entitled to an automatic stay upon appeal of a Bankruptcy Court's decision, she is incorrect. "The automatic stay afforded by the Bankruptcy Code against lawsuits and lien enforcement continues only until the case is dismissed." In re Kilgore, No. 201CV70377, 2001 WL 848587, at *1 (W.D.Va. July 29, 2001) (citing 11 U.S.C.A. § 362(c)(2)). The automatic stay that applied to Emiko Jeffries' Chapter 13 case terminated when the Bankruptcy Court dismissed the case. Thus, there is currently no automatic stay in effect that would prevent the scheduled foreclosure sale.

Turing to the merits of the Motion, Emiko Jeffries does not sustain her burden of proof. Even if the Court assumes that allowing the foreclosure sale to go forward would cause Emiko Jeffries irreparable harm,³ she has not met any of the other factors for injunctive relief. First, Emiko Jeffries has not demonstrated that she is likely to succeed on the merits of her appeal. The movant must make a "strong showing" of likely success on appeal, Nken v. Holder, 556 U.S. 418, 434 (2009). Emiko Jeffries has not yet filed an opening brief in this appeal, and her Motion to Stay Pending Appeal contains no arguments regarding the underlying Bankruptcy Court decision being appealed. Thus, the Court is unable to evaluate the merits of the appeal. "It is well-settled that under Rule 8007 the burden is on the movant to establish grounds for entry of a stay pending appeal." In re Schweiger, 578 B.R. 734, 736 (Bankr.D.Md. 2017); see also Culver v. Boozer, 285 B.R. 163 (D.Md. 2002) (stay pending appeal denied because the movant did not carry his burden). A stay pending appeal is "extraordinary relief." In re Symington, 211 B.R. 520, 522 (Bankr.D.Md. 1997). The Court will not grant such extraordinary relief where the movant has made no showing that she is entitled to relief.

Additionally, the repeated filings by Emiko and Keith Jeffries indicate that neither Emiko Jeffries' bankruptcy case nor her Chapter 13 Plan were filed in good faith, as required by 11 U.S.C. § 1325(a)(3). The Jeffries' numerous deficient filings suggest that they have been abusing the "spirit of the bankruptcy laws as well as the automatic stays and co-debtor stays granted by those laws." Ekweani v. Thomas, 574 B.R. 561, 569–70 (D.Md. 2017) (denying appeal of Bankruptcy Court's Chapter 13 Plan denial in large part because appellants were "serial filers" who did not propose Chapter 13 Plan in good faith); see also Byrd v. Johnson, No. AW-05-2389, 2006 WL 8456976, at *3 (D.Md. Dec. 6, 2006) (denying motion for stay pending appeal where the record reflected that appellants had engaged in tactics to delay the liquidation of their real property). This lack of good faith weighs strongly against finding that Emiko Jeffries has demonstrated a likelihood of success on appeal. Accordingly, the Court finds that Emiko Jeffries has not satisfied her burden of showing that she has a likelihood of success on appeal.

As to the third factor, Emiko Jeffries has not shown that the relevant creditors will not be substantially harmed by a stay pending appeal. Granting a stay pending appeal will injure the creditors here because it will delay the payments owed to them by the Jeffries. Thus, the balance of equities falls with the Appellee trustee, who needs to administer the estate and pay the creditors. Rose v. Logan, No. BR 12-25471-RAG, 2014 WL 3616380, at *4 (D.Md. July 21, 2014); see also Long, 432 F.2d at 981 (determining that the defendant could not prolong the sale any longer in the face of harming the other party).

---

³ See In re Foreclosure by McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, No. 3:08-CV-293, 2008 WL 2679975, at *1 (W.D.N.C. June 26, 2008); see also In re Timmons, 479 B.R. 597, 610 (Bankr. N.D. Ala. 2012) ("If the defendant were allowed to foreclose on the debtor's home, the debtor would suffer irreparable injury as a foreclosure would prevent the debtor from rehabilitating the mortgage in a Chapter 13 case.").

Finally, the public interest does not favor a stay. The public has an interest in "efficiently resolving cases." Jalali v. Pierce Assocs., Inc., No. WDQ-11-1069, 2011 WL 3648284, at *3 (D.Md. Aug. 11, 2011); see also In re Frascella Enters., Inc., 388 B.R. 619, 629 (Bankr.E.D.Pa. 2008) (noting that the public interest in "prompt and fair resolution of bankruptcy cases" is not served by "further delay while [a party] pursues an interlocutory appeal to the District Court"). A stay would result in further delays of this already prolonged case.

**Conclusion**

For the foregoing reasons, Emiko Jeffries' Motion for Extension of Time to File an Opening Brief (ECF No. 3) is GRANTED, Emiko Jeffries' Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay (ECF No. 5) is GRANTED, and Emiko Jeffries' Emergency Motion to Reinstate the Stay (ECF No. 4) is DENIED. The Clerk is further directed to MAIL a copy of this Order to Emiko Jeffries. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

/s/
George L. Russell, III
United States District Judge