IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMIKO JEFFRIES, <br>     Appellant, | * | |
| | * | |
| v. | | Civil Action No. GLR-24-1455 |
| | * | (Related Case: GLR-24-1317) |
| REBECCA A. HERR, <br>     Appellee. | * | |
| | * | |
| | *** | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Appeal noted by self-represented Appellant Emiko Jeffries from an Order of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") dismissing her Chapter 13 case and terminating the automatic stay imposed by 11 U.S.C. § 362(a). (ECF No. 1). The Appeal is fully briefed, and no oral argument is necessary. See Fed.R.Bankr.P. 8019. For the reasons stated below, the Bankruptcy Court's decision to dismiss this case and terminate the automatic stay is affirmed.

### I.  BACKGROUND

**A.  Factual Background**

The Court previously summarized the factual background of this case in its related action and need not reproduce it in full here. Jeffries v. Herr, No. GLR-24-1317, 2024 WL 2977894, at *1–3 (D.Md. June 13, 2024) ("Jeffries I"). In relevant part, Jeffries, proceeding as self-represented, filed an initial Chapter 13 plan on February 13, 2023, in the Bankruptcy

Court. (Record on Appeal at 8, ECF No. 6-13).[1] On April 26, 2023, the Bankruptcy Court held a hearing and denied Jeffries' Chapter 13 Plan with leave to amend. (Id. at 6). On May 26, 2023, Jeffries filed an Amended Chapter 13 Plan. (Id.). The Bankruptcy Court continued Jeffries' Chapter 13 Plan on several occasions, but ultimately denied Jeffries' Chapter 13 Plan without leave to amend on January 10, 2024. (Id. at 4). Jeffries filed a Motion for Reconsideration on January 23, 2024. (Id. at 3). The Bankruptcy Court held a hearing on the Motion on February 14, 2024, and denied Jeffries Motion for Reconsideration on February 15, 2024. (Id. at 3). On May 7, 2024, the Bankruptcy Court terminated the automatic stay imposed by 11 U.S.C. § 362(a) and dismissed Jeffries' Chapter 13 case on the grounds that "[t]he Debtor has not properly prosecuted this action by electing to convert this Chapter 13 case to a case under another chapter or to dismiss within the time allowed by" the January 10, 2024 Order denying Jeffries' proposed Chapter 13 Plan. (May 7, 2024 Bankruptcy Order ["Order"] at 1, ECF No. 6-1). This appeal followed.

**B.    Procedural History**

Jeffries filed an appeal of the Bankruptcy Court's May 7, 2024 Order dismissing the case to this Court, (ECF No. 1), along with a Motion to Reinstate the Automatic Stay, (ECF No. 4), and a Motion for Expedited Consideration of the Motion to Reinstate the Automatic Stay, (ECF No. 5). This Court denied the Motion to Reinstate the Automatic Stay on June 13, 2024. (ECF No. 9). Jeffries filed an Appellant's Brief on June 14, 2024 and July 8,

---

[1] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

2024. (ECF Nos. 11, 13). The Trustee filed an Appellee's Brief on July 11, 2024. (ECF No. 15).

## II.   DISCUSSION

### A.   Standard of Review

In an appeal from Bankruptcy Court, this Court reviews factual findings for clear error and conclusions of law de novo. Gold v. First Tenn. Bank Nat'l Ass'n (In re Taneja), 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." Klein v. PepsiCo, Inc., 845 F.2d 76, 79 (4th Cir. 1988). Additionally, courts "liberally construe[]" filings by self-represented litigants and hold those filings to a "less stringent standard[]" than filings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### B.   Analysis

#### 1.   Failure to Voluntarily Dismiss or Convert

The core legal issue before this Court on review is whether the Bankruptcy Court clearly erred in entering an Order dismissing the case following Jeffries' failure to voluntarily dismiss or convert her Chapter 13 bankruptcy plan. For the reasons stated below, the Court affirms the Bankruptcy Court's Order.

Emiko Jeffries contends that the Bankruptcy Court erred in dismissing her Chapter 13 case. (Appellant's Br. at 7, ECF No. 13). Section 1307(c) of the Bankruptcy Code grants the Bankruptcy Court wide discretion to either dismiss or convert a plainly insufficient Chapter 13 plan. See Dailey v. Thomas, No. ELH-16-3065, 2017 WL 1093277, at *7–8

3

(D.Md. Mar. 23, 2017) (citing 11 U.S.C. § 1307(c)(5)). Under 11 U.S.C. § 105(a), the Bankruptcy Court has the power to "issue any order, process, or judgment that is necessary . . . to carry out the provisions of this title" which ultimately empowers the court to dismiss cases for failure to comply with the Bankruptcy Code. Section 105 further provides that the court may, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). "'Any action' includes dismissal." See Mustafa v. Branigan, No. PJM 16-3828, 2017 WL 2634153, at *2 (D.Md. June 16, 2017).

As a preliminary matter, Appellee argues that the bankruptcy court's ruling should be affirmed because Jeffries failed to obtain and submit a proper record detailing the Bankruptcy Court's Opinion and reasons for dismissal. (Appellee's Br. at 5–7). On a bankruptcy appeal, the appellant must file a "designation of the items to be included in the record on appeal." Fed.R.Bankr. P. 8009(a)(1)(A). In particular, the record must include "any opinion, findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed.R.Bankr.P. 8009(a)(4).

Here, Jeffries appeals the Order Dismissing the Bankruptcy. The Order states:

> By Order of Court entered on January 10, 2024, confirmation of the Debtor's proposed Chapter 13 Plan was denied without leave to amend. The Debtor has not properly prosecuted this action by electing to convert this Chapter 13 case to a case under another chapter or to dismiss within the time allowed by aforesaid Order. It is, therefore, by the United States Bankruptcy Court for the District of Maryland, ORDERED, that the above−captioned Chapter 13 case is DISMISSED[.].

(Order at 1). The Order explicitly references its January 10, 2024 ruling, but the Record on

appeal does not contain this Order. Under these circumstances, Jeffries' failure to submit the full record, including the Bankruptcy Court's opinions or transcripts of hearings that would contain the bankruptcy court's reasons for its ruling, effectively deprives this Court of the ability to meaningfully review the Order. The Court will therefore summarily affirm the bankruptcy court's dismissal. See Dides v. Schlossberg, No. TDC-22-0324, 2023 WL 155443, at *3–4 (D.Md. Jan. 11, 2023), aff'd, No. 23-1101, 2023 WL 5524741 (4th Cir. Aug. 28, 2023) (summarily affirming the bankruptcy court's denial after petitioner failed to sufficiently designate record). Furthermore, even if Jeffries had supplied a proper record, the Court has already rejected a nearly identical argument raised by Keith Jeffries in the related action, and its conclusions there, pertaining to the same property, apply with equal force here. See Jeffries I, 2024 WL 2977894, at *3 ("Importantly, the Bankruptcy Court made a finding that Keith and Emiko Jeffries had "engaged in a scheme to delay, hinder or defraud the Movant/Secured Creditor in its efforts to foreclose on the subject of property through a series of [five] bankruptcy filings affecting the subject property."); Jeffries v. Herr, No. GLR-24-01317, 2025 WL 316106, at *4 n.4 (D.Md. Jan. 27, 2025) ("At bottom, Jeffries has failed to draw any of the Bankruptcy Judge's orders or actions into question, and the Court will affirm the dismissal.").

### 2. Sixth Amendment

Jeffries also alleges her counsel engaged in misconduct and made misrepresentations to the Bankruptcy Court. (Appellant's Br. at 7). To the extent Jeffries attempts to raise a constitutional argument, the Right to Counsel does not attach to civil actions. Childress v. City of Charleston Police Dep't, 706 F.App'x 814 (4th Cir. 2017).

### 3. The Lien Held by Deutsche Bank

Jeffries also challenges the validity of the lien held by Deutsche Bank. (Appellant's Br. at 7). Jeffries contends that she has raised this issue before, which Appellee contests. (Compare Appellant's Br. at 11–12, with Appellee's Br. at 9). In any event, as this Court previously determined in the related action, even if Jeffries had previously raised this issue, the outcome remains the same because "[v]alid liens existing at the time of the commencement of a bankruptcy proceeding are preserved." In re Essex Constr., LLC, 591 B.R. 630, 635 (Bankr.D.Md. 2018). Accordingly, the lien remains valid for the purposes of this appeal.

### 4. The Tenants by the Entirety Exemption

Jeffries additionally challenges that the creditor has no right to the Property because of the tenancy by the entirety exception. (Appellant's Br. at 12). Because Jeffries has not properly designated the record on appeal, and because the Court has already rejected this argument, the Court need not reach this claim.

## III. CONCLUSION

The Court affirms that the Bankruptcy Court properly dismissed Jeffries' case and lifted the automatic stay. A separate Order follows.

Entered this 20th day of May, 2025.

/s/
George L. Russell, III
Chief United States District Judge